```
                UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF ILLINOIS
                     ROCK ISLAND DIVISION

RICHARD A. MCDONALD,            )
                                )
     Plaintiff,                 )
                                )
          v.                    )     Case No.07-cv-4075
                                )
DEPARTMENT OF CHILDREN AND      )
FAMILY SERVICES, et al.,        )
                                )
     Defendants.                )
```

**O R D E R**

Before the court is the Motion to Reconsider filed by Plaintiff, Richard A. McDonald, on February 24, 2008 [Doc. 6]. The Motion is DENIED.

As indicated in this Court's previous Order, Plaintiff complaint of a series of events related to the custody and care of his minor child.  He asserts that his child's attorney sought to have him sign away his parental rights, that he refused to do so, that he appeared before a juvenile court judge in March, 2007, that he was denied visitation rights in light of his impending incarceration, and that he was assured that his visitation rights would commence once he is out of jail.  As relief, Plaintiff requests that his parental rights remain in force.  On December 12, 2007, this Court dismissed the Complaint pursuant to 28 U.S.C § 1915(e)(2).  This Court found that Plaintiff's Complaint, even if broadly construed, fails to state

a claim and that this Court is without jurisdiction to consider his claims.

The present Motion repeats much of the allegations made in the Complaint.  Petitioner also appears to argue that he is being treated unfairly because of his race.  Nonetheless, as this Court previously held, this Court has no subject matter jurisdiction over certain domestic relations and probate matters.  Struck v. Cook County Public Guardian, 508 F.3d 858 (7th Cir. 2007).  The decision to grant or deny visitation and/or parental rights to Plaintiff and the circumstances surrounding such visitation should be left to the sound discretion of the state courts.  Id. See also Allen v. Allen, 48 F.3d 259, 261 (7th Cir. 1995) (noting that federal courts should abstain from intervening in on-going state proceedings); Schleiffer v. Meyers, 644 F.2d 656, (7th Cir. 1981) (stating "it is pertinent to observe that the whole subject of domestic relations, and particularly child custody problems, are generally considered state law matters outside federal jurisdiction").  Petitioner's custody dispute appears to be on-going and should be resolved by the state courts prior to this court's intervention.

For these reasons, the Motion to Reconsider is DENIED.  As this Court's previous ruling dismissed this case with prejudice, the Clerk is directed to enter judgment according.  This matter

is terminated except with respect to Petitioner's payment of the filing fee.

Entered this  20th_ day of February, 2008

                                           s/ Joe B. McDade
                                           JOE BILLY McDADE
                                    United States District Judge